Kinkead, J.
Tbis action is brought against the defendant, company, which operates and runs the hotel known as the Neil House, Columbus Ohio.
*82 The petition alleges that one Ben H. Harmon, as the manager of the hotel, for and on behalf of defendant company, on November 13, 1908, maliciously and without probable cause signed and swore to an affidavit, upon which a warrant for the arrest of the plaintiff was issued, served and executed.
The material parts of the affidavit charged plaintiff with putting up at the Neil House, that he did then and there procure lodging and entertainment from said Iroquois Company, which was then and there owner thereof, with the intent then and there to defraud it, etc., contrary to the statute, etc.
That plaintiff was arrested on warrant issued upon said affidavit, and was thereby so arrested and imprisoned unlawfully and by force was so deprived of his liberty, for one day on a pretended charge of so fraudulently procuring such hotel lodging and entertainment.
That on October Í4, 1908, on a full hearing and trial of said charge, the same was dismissed, and plaintiff was acquitted of such charge. That said charge was wholly without foundation and wholly false -as the defendant well .knew.
Then follows allegation as to special and general damages’sustained, with prayer for judgment.
The answer in addition to some admissions and the usual form of denial of all other allegations, set up the defense of advice of counsel upon which defendant claimed to have acted upon before making the charge. .
To this plaintiff repliéd in the form of a denial.
The case proceeded to trial to a jury. . The evidence disclosed that the difficulty arose over a dispute as to the prices of the room occupied by plaintiff. The latter called for a dollar room, which he claimed the clerk assigned to him. It appeared, however, that he was given a $1.50 room, because the dollar rooms were gone, the plaintiff admitting that he had a better room than he had been in the habit of getting for one dollar. Plaintiff had been in the habit of stopping there and had sold merchandise to the defendant on other occasions.
When plaintiff offered to pay his bill, upon finding that the bill rendered him was at the rate of $1.50 he refused to pay it, and tendered and left on the cashier’s desk the amount of the *83 bill upon the rate of one dollar per day.. Plaintiff stated that he was going to leave the city for a day, and would leave his baggage, and return in the evening. The manager insisted'upon payment of the bill then and there, threatening prosecution under the statute providing against defrauding hotel keepers if the full amount was not paid.
Plaintiff himself called a policeman and, after considerable altercation, he left the hotel without communicating his intentions as to where he was going to the defendant.
Defendant immediately consulted its own general counsel as also the police prosecutor, laying before them all the facts and acting upon their advice. It appears, however, that a policeman knowing all the facts made the arrest before the affidavit was filed and the warrant issued.
An effort was made by plaintiff in his evidence, by innuendo merely, to show that defendant had something to do with the arrest which was made before the warrant was issued.
Plaintiff attempted to formally offer the answer of defendant which admitted that the arrest was made without a warrant, but it did not admit in any way that defendant had anything to do with making the arrest.
Plaintiff rested his ease with his own testimony and the admission in the answer that he ivas arrested without a warrant. He endeavored to show that the officer for whom he sent in his own interest, was the one who made the arrest, the plaintiff stating in answer to a question to that effect, ‘ ‘ That must have been the man.11
This was not allowed by the court. Counsel, however, insisted that whatever the case might actually be, it ought to be disposed of by one action, that plaintiff ought not be subjected to let the matter go and be at the expense of bringing another action. In other words, counsel for plaintiff was seeking to prove an arrest without a Avarrant, constituting false imprisonment, and still retaining his case for malicious prosecution.
It was sought to show all the facts and circumstances without regard to the theory of the petition, whether of false imprisonment or malicious prosecution, or both, and then amend his petition.
*84 It was ruled that the cause was one for malicious prosecution, and plaintiff was held to proof thereof within the limits of the pleadings. There had been an amendment before trial, changing-the theory of the cause from that of false imprisonment to malicious prosecution; it was, therefore, ruled that the case should proceed on that theory. An objection was, therefore, sustained to a question which went to the arrest without.a warrant.
It was urged that actions now under the code are merely actions for money only, and that the distinctions are immaterial; that parties should be permitted to prove their case whatever it may be, and let it accordingly be submitted to the jury. There are, it seems, some who adhere to such a view.
But there seems nothing better settled than that the cause of action should be founded upon a definite theory, which marks the course throughout the case. This was the common law rule, and is still the rule under the code. The rule is designed to present the precise claim in controversy to enable the defendant to meet it, and the court to understand and determine it. The limitation found in the code, that the cause of action shall not be changed by amendment, forbids the changing of the theory first adopted.
In the early history of the code some learned writers, notably Pomeroy, insisted that the reforms would not be fully accomplished if we did not treat the action under the code as a mere civil action for money, or other relief sought as a new form based upon different conditions than those whose place it took. But it was early established that the- formal changes did not affect the substantive distinctions, and that rights of action and causes of action remained the same. And in the sixty odd years in practice under the code procedure, the courts have not departed from this conception of rights and causes of action.
The question raised in this case was whether there was an opportunity to assert a cause for false imprisonment and also for malicious prosecution, provided it could be shown that defendant was instrumental in causing the arrest, without a’warrant.
This is precisely what counsel evidently was endeavoring to do without pleading; or in other words he wanted to offer all the *85 proof which would enable him to make such claims, or whatever claims he deemed best under the circumstances, and amend his pleading accordingly. This he was not permitted to do. But finally he rested his ease, with no more evidence than as already shown, with no evidence connecting defendant with the arrest without warrant, and then made the following motion:
Mr. Collins: I now make a motion and application to the court for leave to amend plaintiff’s petition so that it may correspond, as we concede, fully with the evidence offered, by inserting in the petition, if Your Honor please, the following allegation that appears in the defendant’s answer:
‘ ‘ That on the thirteenth day of October, 1908, as the plaintiff was about to leave the city, he was placed under arrest by an officer of the police department of the city of Columbus, Ohio, without a warrant and without an affidavit having been filed against him; that he was thereupon taken to the city prison of the city of Columbus, Ohio, and held in the waiting room until an affidavit could be filed and warrant served upon him. ’ ’
Thereupon the defendant moved the court to arrest the evidence from the jury, and to render a judgment in favor of the defendant for the reason that there is no evidence proving or tending to prove that the defendant maliciously and without probable cause prosecuted the plaintiff as charged in the petition.
The Court: I believe the motion made by the defendant should be overruled, because on the whole it is a question for the jury under proper instruction to determine whether or not there was or was not probable cause. The motion by the defendant will be accordingly overruled.
Mr. Collins, for plaintiff: I move that the plaintiff be permitted to amend in the one indicated, and also those parts of the petition that refer only to the matter of false imprisonment.
Mr. Allen: And leave the action a false imprisonment only ?
Mr. Collins: Yes.
The Court: Do you mean to make an application for leave to file an amendment by showing that the arrest was without a warrant, and -eliminate the allegations that you put in before by amending at bar, striking out “malicious and without probable cause”?
*86 Mr. Collins: That is substantially it.
The Court: Then I will do that.
Mr. Allen: Now Your Honor please, I move that the court arrest the case from the jury -as — •
Mr. Collins: Of course I desire to offer additional evidence.
Mr. Allen: I move now that the case be arrested from the jury and that judgment be rendered in favor of the defendant for the reason that there is no evidence introduced here by the plaintiff to show or tending to show that the hotel company, the Iroquois Company, had any knowledge of the arrest without a warrant or gave any instructions to the officer to make the arrest without a warrant or participated in any way or acquiesced in that arrest without a warrant.
Mr. Collins, for plaintiff: Of course we apply now to be permitted to offer additional evidence if the amendment be permitted.
The Court: You wish by the application to amend as has been outlined, do you, Mr. Collins, by inserting the allegation that he was arrested without a warrant and eliminating the malice? You want to stand on that, do you ?
Mr. Collins: Coupled with an application, and I would want that to be conditional. I do not want to make the- amendment unless the court will permit us to offer additional evidence.
The Court: The amendment will be granted. The motion of the defendant will be overruled on the strength of the allegations contained in the answer, and the case may proceed with the evidence -offered by the defendant.
And thereupon the defendant excepted to the rulings -of the court in overruling its motion, and in allowing the amendment to the plaintiff’s petition.
And thereupon the plaintiff • excepted to -the ruling of the court in overruling his motion.
Mr. Allen: Do I understand the case is now for false imprisonment and nothing else ?
The Court: The understanding, of course, would be that this amendment must eliminate the parts that are in the petition there that were amended at bar. That was the understanding we had with counsel, ■ that the amendment he has offered together with *87 striking out the other allegation is what he agreed to, and the ease will proceed upon that theory hereafter.
The defendant then proceeded with its testimony, which was to the effect that it had nothing to do with the arrest of plaintiff by the policeman before the affidavit was filed.
Defendant then rested.
And thereupon the plaintiff formally filed with the clerk and submitted to the court his amended petition as heretofore suggested.
And thereupon the defendant filed a demurrer to said amended petition.
The demurrer w.as accordingly sustained because the amended petition did not aver that defendant was connected with or responsible for the arrest which was made without a warrant, and there was no proof that defendant was responsible therefor.
Counsel upon the announcement of the ruling- asked permission to make the addition that the defendant was instrumental in causing the arrest.
This was met by vigorous protest by counsel for defendant, and a demand that upon the finding upon the demurrer, the court instruct the jury to bring in a verdict on the pleadings now prepared and on file in favor of the defendant.
The court then announced the' ruling that the demurrer is sustained, and the ease will now be withdrawn from the jury.
The court had in mind that in fairness the defendant should not be compelled to further defend in this action, because it had prepared its own defense to an action for malicious prosecution. It had a good defense to that action, namely, advice of counsel, and it had been fully proven by defendant.
The court permitted the plaintiff to amend his petition changing it to false imprisonment, but directing the defendant to proceed with its evidence, expecting that plaintiff would either on cross-examination or in rebuttal be able to show whether or not defendant was responsible for the false arrest and consequent false imprisonment. But this did not appear upon defendant’s evidence, or upon cross-examination of defendant’s witness.
Defendant insisting upon the ruling upon the demurrer and the direction of a verdict in its favor, the court, deemed it proper *88 to discharge the jury from further consideration of the case because the plaintiff on his amendment had not made out any case. And the only question remaining, having permitted him to change back to false imprisonment, was whether he should be permitted to offer further evidence, or further amend his pleading by averring that defendant was instrumental in causing the arrest.
The demurrer being sustained, that ended the consideration by the jury, so it was discharged. The immediate matter pending is the approval of the final entry. Plaintiff’s counsel refuses to approve the entry, and refuses to appear before the court.
The entry may go on sustaining the demurrer and dismissing the action.
The question which presents the most difficulty is as to the action of the court in permitting the plaintiff at the close of his evidence to amend his petition by averring that the arrest was made without warrant.
The court permitted this with reluctance, but in reliance upon the decision in Spice v. Steinruck, 14 Ohio St., 213, which seems to permit 'or sanction an amendment changing the cause of action from malicious prosecution to false imprisonment, the Supreme Court in this decision holding that the restriction upon amendments by the code that the proposed amendment must not change substantially the claim or defense, does not refer to the form of the remedy, but to the general identity of the transaction forming the cause of complaint.
The amendment having been made in that case, the defendants were required to elect whether a juror should be withdrawn, and another trial had, or whether the verdict of the jury should then be taken upon the petition as thus amended. Defendants elected to take the verdict of the jury upon the case so amended, and the testimony already submitted.
In the case at hand, the sustaining of the demurrer to the amended petition withdrew the case from the jury, and left the case pending upon either an application to further amend the petition, or to dismiss the action.
Counsel for defendant not having asked leave to amend the petition, after the dismissal of the jury, the action is dismissed. *89 It is true that counsel for plaintiff at the time of first passing upon the demurrer and sustaining the same, because of thé want of an averment that defendant was instrumental in causing the arrest, did say: “Then, Your Honor please, I ask permission now to make that addition. I think that is in the petition, and if the court thinks not, that is, not in strict accordance with the fact, I ask permission now — •”
. The counsel for defense made vigorous objection and protest demanding final action, the court finally rulingtthat “the demurrer to the petition is sustained and the case will now be withdrawn from the jury, ’ ’ to which plaintiff excepted. But no application for leave to further amend was made and the action may be dismissed.
The error made which caused all the difficulty was in permitting plaintiff to amend changing his cause of action from malicious prosecution to false imprisonment apparently to conform to the proof. This was done on the authority of Spice v. Steinruck, supra, decided in 1863, which has never been overruled. The amendment in that case was permitted on the ground that it would conform the pleading to the facts proved. It was there stated that it was a motion addressed to the sound discretion of the court which heard the testimony, and could, therefore, determine its legal tendencies, and if in its opinion there was legal testimony tending to prove the case made by the petition as proposed to be amended, and such amendment would be in furtherance of justice, it was the duty of the court to permit it to be made under such guards and restrictions as were right and proper for the protection of the defendants, provided it did not change substantially the claim of the plaintiff.
The court further stated that the substantial claim in both the original and amended petitions was the same — damages for his wrongful arrest and detention under process issued at the instance of defendants. The precise manner in which the wrong was inflicted, whether by the instrumentality of a void process, or a process which had been abused and averted, was of secondary importance.
The court then proceeds to consider the claims of counsel made in that case, that as the original petition makes a ease which, un *90 der the old system, would have been denominated an action for malicious prosecution, while the amended petition charges the same imprisonment to have been illegally made and with force, that a substantial change was thereby wrought in the claim, of the plaintiff. The court admitted that “in the one case, it is true, it would be necessary to show malice and want of probable cause for the arrest; while in the other it must appear that the process or order by which it was affected was absolutely void; but in all other respects, the proof in regard to the wrongful seizure and detention,1 ’ damages, etc., would, be the same.
The court then adds this significant language:
“ The'-code abolished the varied forms of civil actions theretofore in use, and established one general form applicable alike to all causes of complaint. Iiow, then, can it be said that an amendment which still demands damages for the wrongful arrest set forth and complained of in the original petition, and only varies from it in its statement of the manner in which that arrest was affected, creates such a substantial change in the claim, as precludes its being made. * * The proposed amendment was clearly in furtherance of justice. It proffered a speedy and comparatively. inexpensive trial on the merits. It sufficiently guarded the rights of the defendants, and enabled them to attain a final hearing at less cost, ’ ’ etc.
We think now upon further reflection that it is quite doubtful whether this decision, even if it is still the law, which we doubt, was properly applied in the case in hand in granting the amendment.
The petition upon which the trial proceeded was clearly malicious prosecution, because it was claimed that defendant without probable cause instituted criminal proceedings upon which plaintiff was arrested, tried and acquitted. To this charge the defendant plead advice of counsel, which was fully proved, and was a valid defense. This evidence was offered after the amendment was permitted to be filed. The amendment sought to bring in an arrest without a warrant, which was really another and different cause of action, and in clear violation of the code. In this the court erred.
False imprisonment is an injury to personal liberty, while malicious prosecution is an infringement of one’s right to reputation.
*91 In view of all the circumstances, plaintiff having led the court into error by his amendment, any further amendment is refused and the action is dismissed.